IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CRAIG VAN-ALDO SMITH, | : |
| Plaintiff | : |
| VS. | :     7 : 05-CV-58 (HL) |
| OFFICER SCHNAKE, WARDEN BARROW, and LILIE ANN LUNEY, | : |
| Defendants. | : |

**RECOMMENDATION**

Presently pending in this § 1983 action is the Motion for Summary Judgment filed on behalf of defendants Schnake and Barrow. On June 27, 2006, the undersigned notified the plaintiff of the filing of the defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order. As of January 18, 2007, the plaintiff has not filed a response to either the defendants' motion or the court's order directing a response.

In his complaint, the plaintiff raises allegations of excessive force, alleging that on May 6, 2005, while he was confined at Valdosta State Prison, Officer Schnake entered his cell and began choking him, causing permanent injury to the plaintiff's shoulder. The plaintiff maintains that this incident occurred after plaintiff reported Officer Schnake for harassment. Plaintiff further maintains that he brought his resulting shoulder injury to the attention of Warden Barrow, but that he failed to ensure that the plaintiff received proper medical attention.

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the parties moving for summary judgment, the defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991).  The defendants have supported their summary judgment motion with a copy of Officer Schnake's statement issued in regard to the allegations of excessive force, wherein he maintains that he "all allegations are false.  At no time have I assaulted Inmate Smith."

"[A]nalysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: 'the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.'"  Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996) (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992)).  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.  In determining whether the constitutional line has been crossed,

2

a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Gilmere v. City of Atlanta, 774 F.2d 1495, 1500 (11th Cir. 1985) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

Herein, the unrefuted statement provided by defendant Schnake establishes that at no time did he assault the plaintiff. With no response from the plaintiff to rebut the defendants' summary judgment showing, and furthermore no evidence supporting the allegation of injury to the plaintiff resulting from the alleged use of excessive force, the court must conclude that the plaintiff has failed to establish an impermissible use of force by defendant Schnake. He has failed to prove that "force was applied . . . maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986). In regard to the plaintiff's claim that defendant Barrow was deliberately indifferent to his shoulder injury, the plaintiff has failed to come forth with sufficient evidence to establish that such an injury actually took place.

Accordingly, it is the recommendation of the undersigned that the defendants' Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 18th day of January, 2007.

    /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE