IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CRAIG VAL-ALDO SMITH, :
:
    Plaintiff :
:
VS. : 7 : 05-CV-58 (HL)
:
OFFICER SCHNAKE, WARDEN BARROW, :
and LILIE ANN LUNEY, :
:
    Defendants. :

**RECOMMENDATION**

    Presently pending in this § 1983 action is defendant Luney's motion for summary judgment, converted by the court from a motion to dismiss on January 17, 2007. The undersigned notified the plaintiff of the filing and conversion of the defendant's motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order. As of February 20, 2007, the plaintiff has not responded to either the defendant's motion or the court's directives.

*Background*

    The plaintiff filed this action in June 2005, raising allegations of excessive force. In the presently pending motion for summary judgment, the defendant maintains that the plaintiff failed to properly exhaust this claim pursuant to the dictates of the Prison Litigation Reform Act ("PLRA").[1]

---

[1] Based on the attachment of matters outside the pleadings, the undersigned converted both motions to dismiss to motions for summary judgment. *See* Order at # 28.

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). In presenting her motion for summary judgment, the defendant relies on relevant portions of the plaintiff's grievance history and argues that the only grievance the plaintiff filed regarding the events underlying this lawsuit does not mention defendant Luney, and that the grievance remained pending when this lawsuit was filed.

The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). The plaintiff has failed to rebut the overall showing that he failed to fully exhaust his claims.

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. Moore v. Smith, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). Herein, the plaintiff has not established that he fully pursued the grievance process. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Inasmuch as the plaintiff has failed to rebut the defendant's summary judgment showing the court must conclude that the claims brought against defendant Luney remain unexhausted, therefore barring a § 1983 action based thereon. Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.").

Accordingly, it is the recommendation of the undersigned that the defendant Luney's Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 21st day of February, 2007.

        /s/ ***Richard L. Hodge***
        RICHARD L. HODGE
        UNITED STATES MAGISTRATE JUDGE

asb